THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* DANIEL KERIN, APPELLANT.

*Act to prevent deceit in the sale of dairy products —* 1885, *chap.* 458, *sec.* 3 — *an intent to sell, what the seller knows is not dairy butter, must be shown.*

Section 8 of the act to prevent deception in the sale of dairy products, as the same was amended by section 3 of chapter 458 of 1885, provides that "no person shall * * make or manufacture any oleaginous substance not produced from milk or cream, with intent to sell the same for butter or cheese made from unadulterated milk or cream, or have the same in his possession, or offer the same for sale with such intent, nor shall any article or substance, or compound so made or produced, be sold for butter or cheese, the product of the dairy."

Upon the trial of the defendant upon an indictment charging him with a violation of this section, it was conceded by the prosecution that the compound which was sold by him as dairy butter, and which was not such, was purchased by him as and for, and was believed by him to be, such butter and was sold by him as butter in that belief.

*Held*, that he could not be convicted of a violation of the act; that to justify a conviction thereunder the person must intend to sell some other substance than dairy butter, as butter, knowing that it is not such.

The constitutionality of so much of the said section as provides that the *possession* by any person, of any of the said products so colored, or coated in semblance of, or to resemble butter or cheese, shall be *conclusive evidence* of an intent to sell the same for butter or cheese, the product of the dairy, doubted but not passed upon. (BRADY, J.)

APPEAL from a judgment of the Court of Sessions, convicting the defendant of a violation of the act, chapter 458 of 1885, to prevent deceit in the sale of dairy products.

*Reynaud & Harris*, for the appellant.

*De Lancy Nicoll*, for the respondent.

BRADY, J.:

The appellant was indicted for a violation of the laws of the State relating to the manufacture and sale of a substance known as oleomargarine, which is not a product of the dairy; and although the indictment contained several counts, the people elected to proceed under the first count, which was framed upon the act of 1885. (Chap. 458.) It was conceded by the prosecution that the compound which was sold by the appellant as dairy butter, and which was not such, was purchased by him as and for butter; was believed by him to be butter, and was sold as butter in that belief. This concession disposes of the conviction. It cannot be maintained. The chapter referred to (*supra*) by section 3 amends section 8 of chapter 183 of the Laws of 1885; and by its terms prohibits the manufacture by any person of any oleaginous substance not produced from milk or cream, with intent to sell the same for butter or cheese made from unadulterated milk or cream, and from having the same in his possession or offering the same for sale with such intent; and declares that no article or substance or compound so made or produced shall be sold for butter or cheese, the product of the dairy. This section is the only one under which the appellant can be held to account, if at all; and it will at once occur to the reader that the violation of its provisions depends upon an intent to impose one article for another, both in the manufacture and in the sale of the simulated article. No person shall manufacture the

substance described with intent to sell the same for butter, or have the same in possession or offer the same for sale with such intent. The appellant did not violate this law. He bought the article he sold for butter, believed it to be butter, and sold it for butter. He did not intend to sell oleomargarine or any other substance for butter when it was not butter. He intended to sell what he believed to be butter, as and for butter; and his intention and his acts leading to it were lawful and unexceptionable under the provisions of the section referred to. He must intend to do wrong; that is, to sell some other substance than dairy butter for butter, which he does not do when he buys butter, receives it as such, and sells it in such belief. It may be said that under further provisions of the section referred to than those named, he may, nevertheless, be convicted for the reason that having such a compound in his possession as he sold, such possession is declared to be conclusive evidence of an intent to sell the same for butter, but this answer is not responsive. The latter provisions relate to the coloring by any process whereby the product shall be made to resemble butter, and when that is added to the manufacture and the article prohibited is in possession, such possession is conclusive evidence of an intent to sell. The effect of this extraordinary legislation is that in order to convict a person for a violation of its acts in relation to oleomargarine, there must be an intent to sell the same for dairy butter; but if the product be colored so as to resemble butter, then the intent required exists as the result of the coloring. In this case there was no proof on that subject, and hence the statute does not supply the proof of intent, which would have been furnished if evidence of the use of coloring matter had been given. This view renders it unnecessary to consider the constitutionality of the provisions, making possession an intention to do wrong, that is, to sell one article for another and thus to perpetrate a fraud. It may well be seriously doubted whether the legislature can say that an article which may be lawfully manufactured and sold, when so manufactured and in possession may be regarded as designed to be sold for something else, and therefore for a fraudulent and criminal purpose. This would in effect prohibit the manufacture which the legislature has not the power to accomplish, it would seem. (*The People* v. *Marx*, 99 N. Y., 384.) Without further discussing this

element of the case, however, the decision must be a reversal of the conviction for the reasons assigned.

Ordered accordingly.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered.